IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:20-cv-30014 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL FITZGERALD, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**COMPLAINT**

The United States of America, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action under 31 U.S.C. § 3711(g)(4)(C) to collect from Michael Fitzgerald an outstanding civil penalty assessed against him, pursuant to 31 U.S.C. § 5321(a)(5) (commonly known as an FBAR penalty), for his failure to timely report his financial interest in, and/or signatory or other authority over, foreign financial accounts for the 2011 calendar year, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest.  In support of its complaint, the United States alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper under 28 U.S.C. § 1391.

3. Defendant Michael Fitzgerald resides within the jurisdiction of this Court.

**Background Regarding Foreign Bank Accounts of Michael Fitzgerald**

4.     Michael Fitzgerald was born in Ireland but has lived in the United States for more than 20 years and is a lawful permanent resident of the United States.

5.     While living in Ireland, Michael Fitzgerald opened accounts with the Bank of Ireland (the "Accounts"), and he maintained the Accounts after coming to the United States.

6.     Upon information and belief, at some point in time after the Accounts were opened with the Bank of Ireland in Ireland, the Bank transferred the Accounts to Bank of Ireland in Isle of Man.

**Tax Return Filing and Offer in Compromise with IRS**

7.     Michael Fitzgerald's filed federal income tax return for tax year 2011 did not disclose the existence of the Accounts.

8.     On August 12, 2012, after filing his delinquent federal income tax returns for tax years 2005-2011, Michael Fitzgerald submitted an Offer in Compromise to the IRS (which was not accepted) regarding the corresponding tax liabilities. The financial statements attached to the Offer in Compromise did not disclose any foreign financial accounts, even though the Accounts with Bank of Ireland held over $2,000,000 at that time.

**Plea Agreement in Criminal Case**

9.     On October 5, 2017, Michael Fitzgerald pleaded guilty, in the United States District Court for the District of Massachusetts (Case No. 3:17-cr-30025), to one count of willful failure to file an FBAR.

10.    As part of his plea agreement, Michael Fitzgerald agreed to the assessment of a willful civil FBAR penalty in the amount of $1,150,320 "to resolve his liability for violating foreign bank reporting requirements for the years 2005 through 2011."

11. On April 26, 2017, Michael Fitzgerald signed a Form 13449, Agreement to Assessment and Collection of Penalties under 31 U.S.C. §§ 5321(a)(5) and 5321(a)(6), agreeing to the assessment of a willful FBAR penalty in the amount of $1,150,320 for the calendar year 2011 with respect to the Accounts.

### Count I: Judgment for Civil Penalty (31 U.S.C. § 5321(a)(5))

*Liability for the Civil Penalty*

12. During the 2011 calendar year, Michael Fitzgerald was a resident of the United States within the meaning of 31 C.F.R. § 1010.350 (2012).

13. During the 2011 calendar year, Michael Fitzgerald had a financial interest in the Accounts and/or signatory or other authority over the Accounts, within the meaning of 31 C.F.R. § 1010.350 (2012).

14. The Accounts were bank accounts in a foreign country.

15. During the 2011 calendar year, the balance of each of the Accounts exceeded $10,000.

16. Michael Fitzgerald failed to file an FBAR with regard to the 2011 calendar year on or before June 30, 2012, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c) (2012).

17. The failure of Michael Fitzgerald to timely file the FBAR with regard to the 2011 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty*

18. As of June 30, 2012, the cumulative balance of the Accounts was at least $2,300,641.00.

19. On March 7, 2018, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i), a delegate of the Secretary of the Treasury assessed a civil penalty against Michael Fitzgerald in the amount of

$1,150,320.00, due to the willful failure of Michael Fitzgerald to disclose the Accounts to the IRS ("FBAR Penalty").  Michael Fitzgerald is estopped and barred from contesting this assessment based upon his criminal conviction described above.

20. On or about March 8, 2018, a delegate of the Secretary of the Treasury sent to Michael Fitzgerald notice of the assessment of the FBAR Penalty and a demand for payment.

21. In addition to the FBAR Penalty, Michael Fitzgerald owes a late-payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a) in the amount of $67,695.54, as of February 28, 2019.

22. In addition to the FBAR Penalty, and the late-payment penalty described in the previous paragraph, Michael Fitzgerald owes accrued interest in the amount of $11,282.59, as of February 28, 2019.

23. Michael Fitzgerald is liable to the United States for the FBAR Penalty, as well as associated penalties and interest, in the amount of $1,229,298.13 as of February 28, 2019, plus statutory accruals from that date until the liability is paid in full.

24. This civil action to collect the FBAR Penalty, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it was filed within two years of March 7, 2018, the date that the penalty was assessed.

WHEREFORE, the Plaintiff United States of America demands that this Court:

(a) Enter judgment in favor of the plaintiff United States and against Defendant Michael Fitzgerald for the FBAR Penalty assessed against him with regard to the 2011 calendar year, as well as associated penalties and interest, in the amount of $1,229,298.13 as of February 28, 2019, plus statutory accruals from that date until fully paid; and

(b)  Award the United States of America its costs, and such further relief as the Court deems just and proper.

**JURY DEMAND**

The plaintiff United States demands a trial by jury on all issues so triable.

Dated: February 3, 2020

        RICHARD E. ZUCKERMAN
        Principal Assistant Attorney General
        U.S. Department of Justice, Tax Division

        */s/ Philip L. Bednar*
        PHILIP L. BEDNAR
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-307-6415 (plb)/(202)
        202-514-5238 (f)
        Philip.L.Bednar@usdoj.gov
        WA State Bar No. 41304

OF COUNSEL:   ANDREW E. LELLING
                          U.S. ATTORNEY